## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made by and between RAUL CAMBIAN (Plaintiff), CENTRAL CREDIT SERVICES, INC., and ROBERT BLAKEFIELD (collectively Defendants).

### RECITALS

1. Plaintiff filed a Complaint against Defendants in the United States District Court Eastern District of New York entitled RAUL CAMBIAN v. CENTRAL CREDIT SERVICES, INC., a corporation; ROBERT BLAKESFIELD, an individual; and DOES 1 through 10 inclusive, Eastern District of New York, case no. CV-07- 4457 ("the Action").

2. The Parties understand, acknowledge and agree that the settlement reached, the making of this Agreement, and anything contained in this Agreement constitutes a compromise of disputed claims involving legal and factual questions and issues and are not to be construed as an admission by Defendants of liability under or noncompliance with any federal, state, or local statute, ordinance, regulation, public policy, tort law, contract law, common law, ethical rules, or any other wrongdoing whatsoever. In fact, Defendants expressly deny committing any of the wrongdoing alleged by Plaintiff and expressly deny any liability with respect to the Action. The Parties further understand and agree that the settlement payment called for by this Agreement is being made solely for the purpose of avoiding the expense and inconvenience of litigation.

3. By entering into this Agreement, the Parties intend to resolve any and all claims (known, unknown, suspected or unsuspected) by Plaintiff against Defendants, including but not limited to, those relating to the Action. The Parties further agree to bear their own attorneys' fees and costs, except as specified in paragraph 4 below, relating to all matters covered by this Agreement and agree to the following terms:

### AGREEMENTS

4. Defendants shall pay the sum of $12,000 (Twelve Thousand Dollars) ("Settlement Sum") to the Law Offices of Eric F. Fagan Trust Account, (Tax ID 028262829) to be allocated $6,500 damages to Plaintiff and $5,500 in attorneys' fees.

5. Defendants represent that they have not instructed credit bureaus to insert any negative information into Plaintiff's credit reports with respect to the debt that is the subject of the Action, and will not do so in the future.

6. After this Agreement is fully executed by all parties and distributed, and/or by January 15, 2007, whichever occurs later, Defendants shall deliver the settlement check to Plaintiff's counsel. Upon such delivery, Plaintiff shall dismiss the Action with prejudice.

7. Neither Defendants nor defense counsel make any representation to Plaintiff as to the tax liability, if any, on the Settlement Sum. Plaintiff understands and agrees that Plaintiff shall be solely responsible for the payment of any taxes, penalties, assessments, or interest that

may be levied based on the payment of the Settlement Proceeds or the reporting of the payment of the Settlement Proceeds to any federal, state or local taxing authority as a result of a final determination by any such taxing authority. If, for any reason at any time, a claim is made on the Defendants, for withholdings of any kind on the amounts paid pursuant to this Agreement, or based on the reporting of the payments of the Settlement Sum to any such authority, Plaintiff will indemnify, defend, reimburse and hold Defendants harmless against any such actual claims, including actual penalties, actual interest and reasonable attorney's fees. Defendants shall contact Plaintiff upon any notification by any taxing authority of an issue related to taxes, costs, assessments, attorneys' fees, penalties, damages, fees, interest, withholding or other losses to which Defendants are or may be subject by reason of the payment of any portion of the Settlement Sum, so that Plaintiff may address the issue. Plaintiff further agrees not to seek or make any claim against Defendants for compensation, recompense, costs, assessments, attorneys' fees, damages, fees, interest, withholding, penalties or other losses, if a claim or determination of deficiency of any kind is made. In addition, Plaintiff understands and agrees that Defendants have no duty to defend against any claim or assertion of deficiency, or any obligation to appeal any such determination, and Plaintiff agrees to assume responsibility for contesting any such claim or assertion, and to cooperate fully in the defense of any such claim or claims brought against Defendants.

## RELEASE

8.    Plaintiff, on his behalf and on behalf of his heirs and assigns hereby releases and discharges Defendants and their respective current and former predecessors, successors, parents, affiliates, subsidiaries, original creditor and all of the aforementioneds' respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, independent contractors and vendors ("Released Parties") from all claims of any kind (including all claims for damages, interest, fees and/or attorney's fees), including but not limited to any claims that Plaintiff may have with respect to the Action, the reporting to the credit bureaus, any alleged access of Plaintiff's credit history, any collection efforts, or any other matters between Plaintiff and Defendant, including without limitation, all claims that were asserted or could have been asserted in the Action as of the date of this Agreement, including, but not limited to, claims for invasion of privacy or any other claim arising under state or federal law, claims arising under the federal Fair Debt Collection Practices Act and the Gramm Leach Bliley Act (aka the Financial Services Modernization Act), claims arising under the Fair Credit Reporting Act and any Consumer Fraud Act, in addition to any New York state law claims up to the date of this release ("Released Claims"). Plaintiff further agrees that he will not file any claims, complaints, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreement against any of the aforementioned, and any such proceedings filed prior to the execution of this Agreement, if any, shall promptly be dismissed or withdrawn. This Agreement is intended to resolve forever the entire disagreement between Plaintiff and Defendants relating to the Action or any other account which was or could have been the subject matter of the Action, all of which are intended as beneficiaries of this Agreement and entitled to enforce it.   The releases set forth in this paragraph shall apply equally to the Parties, their representatives, agents, independent contractors, employees, officers, shareholders, directors, attorneys, sureties, guarantors,

2

successors-in-interest, predecessors-in-interest, assigns, parents, subsidiaries, affiliates and other related entities, corporate or otherwise.

## COVENANT NOT TO SUE

9. The Parties shall not sue or initiate against any Released Party any action, proceeding, or compliance review or participate in the same, individually or as a member of a class, under any contract (express or implied), or any federal, state, or local law, statute, or regulation pertaining in any manner to the Released Claims.

## NON-ADMISSION

10. The Parties understand and agree that this is a compromise settlement of disputed claims and that the furnishing of the consideration for this Agreement shall not be deemed or construed at any time or for any purpose as an admission of liability by Defendants or any Released Party. The liability for any and all claims is expressly denied.

## AMENDMENTS; WAIVERS

11. This Agreement may not be amended except by an instrument in writing, signed by the Parties. No failure to exercise and no delay in exercising any right, remedy, or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy, or power provided herein or by law or in equity.

## ASSIGNMENT; SUCCESSORS AND ASSIGNS

12. Plaintiff agrees that he will not assign, sell, transfer, delegate, or otherwise dispose of, whether voluntarily or involuntarily, or by operation of law, any rights or obligations under this Agreement. Any such purported assignment, transfer, or delegation shall be void. The Parties represent that they have not previously assigned, sold, transferred, delegated, or otherwise disposed of any claims or rights released by them pursuant to this Agreement. Subject to the foregoing, this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, attorneys, and assigns. This Agreement shall not benefit any other person or entity except as specifically enumerated in this Agreement.

## SEVERABILITY

13. If any provision of this Agreement, or its application to any person, place, or circumstance, is held by a court of competent jurisdiction to be invalid, unenforceable, or void, such provision shall be enforced to the greatest extent permitted by law, and the remainder of this Agreement and such provision as applied to other persons, places, and circumstances shall remain in full force and effect.

## GOVERNING LAW

14. This Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and wholly to be performed within the State of New York. In the event legal proceedings are instituted to interpret or enforce the provisions of this Agreement, the venue for any such action shall be in the United States District Court, Eastern District of New York, and the prevailing party shall be reimbursed for all reasonable expenses incurred in resolving said dispute and/or enforcing this Agreement, including attorneys' fees, travel, and all related costs and the costs of reasonable investigation, preparation and professional or expert consultation incurred by reason of such dispute.

## INTERPRETATION

15. This Agreement shall be construed as a whole, according to its fair meaning, and not in favor of or against any party. By way of example and not in limitation, this Agreement shall not be construed in favor of the party receiving a benefit or against the party responsible for any particular language in this Agreement. Captions are used for reference purposes only and should be ignored in the interpretation of the Agreement. In the event of vagueness or ambiguity, this Agreement shall not be construed against the party preparing it, but shall be construed as if all parties prepared it jointly.

## KNOWING AND VOLUNTARY AGREEMENTS; REPRESENTATION BY COUNSEL

16. The Parties acknowledge that (i) they have had the opportunity to consult counsel in regard to this Agreement; (ii) they have read and understand the Agreement and they are fully aware of its legal effect; and (iii) they are entering into this Agreement freely and voluntarily, and based on each party's own judgment and not on any representations or promises made by the other party, other than those contained in this Agreement. By signing this Agreement, the Parties acknowledge that they have been advised to seek the advice of an attorney regarding this Agreement, they have been given adequate time to review this Agreement, they have read this entire Agreement, they fully understand its purpose, and that they are voluntarily entering into this Agreement with the intent to be legally bound by its terms. Plaintiff warrant and represent that they have consulted with their undersigned attorney and fully understand the terms and effect of this Agreement, that they have executed this Agreement freely and voluntarily and without coercion or duress, and that they understand that this Agreement releases all known and unknown claims of every kind which they may have against Defendants or any Released Party.

## NON-DISPARAGEMENT

17. The Parties agree not to make any negative or derogatory remarks or statements, whether orally or in writing, about each other, or about any employees, officer or director of the Parties.

4

## COUNTERPARTS

18. This Agreement may be executed in counterparts, and if so executed and delivered, all of the counterparts together shall constitute one and the same Agreement. A facsimile signature may be treated as an original.

## INTEGRATION

19. The Parties understand and agree that this Agreement constitutes the sole and entire agreement among them with respect to the settlement and dismissal of the Action and the subjects covered by the terms of this Agreement; that no representation or promise has been made by the Parties concerning the subject matter of this Agreement, except as expressly set forth in this Agreement, and that all agreements and understandings among the Parties concerning the subject matter of this Agreement are embodied and expressed in this Agreement. This Agreement shall supersede all prior or contemporaneous agreements and understandings among the Parties, whether written or oral, express or implied.

This agreement shall become effective upon the execution of the last counterpart of this Agreement.

DATED: _____

                               RAUL CAMBIAN

DATED: 1-14-08

                               By PAUL WHITSON
                               CENTRAL CREDIT SERVICES, INC.

DATED: 1-14-08

                               ROBERT BLAKESFIELD (AKA)

                               Roger Wright

## COUNTERPARTS

18. This Agreement may be executed in counterparts, and if so executed and delivered, all of the counterparts together shall constitute one and the same Agreement. A facsimile signature may be treated as an original.

## INTEGRATION

19. The Parties understand and agree that this Agreement constitutes the sole and entire agreement among them with respect to the settlement and dismissal of the Action and the subjects covered by the terms of this Agreement; that no representation or promise has been made by the Parties concerning the subject matter of this Agreement, except as expressly set forth in this Agreement, and that all agreements and understandings among the Parties concerning the subject matter of this Agreement are embodied and expressed in this Agreement. This Agreement shall supersede all prior or contemporaneous agreements and understandings among the Parties, whether written or oral, express or implied.

This agreement shall become effective upon the execution of the last counterpart of this Agreement.

DATED: Jan 2, 2008         _Raul Cambian_
                           RAUL CAMBIAN


DATED:_____      _____
                           By PAUL WHITSON
                           CENTRAL CREDIT SERVICES, INC.


DATED:_____      _____
                           ROBERT BLAKESFIELD


5

APPROVED AS TO FORM AND CONTENT.

DATED:_____

By:_____
LELAND L. GREENE
Attorney for Plaintiff

APPROVED AS TO FORM AND CONTENT.

DATED:_____    LAW OFFICES OF ERIC FAGAN

By:_____
Eric F. Fagan
Attorney for Plaintiff

APPROVED AS TO FORM AND CONTENT.

DATED: 1/15/08

By:_____
Michael S. Poncin
Moss & Barnett, PA
4800 Wells Fargo Center
90 South 7th Str.
Minneapolis, MN 55402

6